28 F.3d 106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward KUBALL, Plaintiff-Appellant,
v.
TRANS WORLD AIRLINES, INC., Defendant-Appellee.
 No. 91-56230.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 7, 1994.
Decided July 13, 1994.
 
 Before: FARRIS, O'SCANNLAIN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Edward Kuball appeals the district court's grant of summary judgment to Trans World Airlines ("TWA") in which the district court upheld the arbitration award handed down by the Pilot's System Board of Adjustment ("the Board"). We affirm.
 
 
 3
 * We review the district court's grant of summary judgment de novo. Jones v. Union Pacific R.R., 968 F.2d 937, 940 (9th Cir.1992). Judicial review of Adjustment Board decisions, however, is "among the narrowest known to the law." Union Pacific R.R. v. Sheehan, 439 U.S. 89, 91 (1978); English v. Burlington Northern R.R. Co., 18 F.3d 741, 743 (9th Cir.1994). The Supreme Court has held that courts can overturn these decisions on three grounds: "(1) failure of the Adjustment Board to comply with the requirements of the Railway Labor Act; (2) failure of the Adjustment Board to conform, or confine, itself to matters within the scope of its jurisdiction; and (3) fraud or corruption." Sheehan, 439 U.S. at 93. To this list, the Ninth Circuit has added a fourth ground--constitutional challenges. Edelman v. Western Airlines, 892 F.2d 839, 847 (9th Cir.1989). The Supreme Court further defined the limited review of arbitration awards in United Paperworks Int'l Union v. Misco:
 
 
 4
 Courts thus do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts.... [A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision.
 
 
 5
 484 U.S. 29, 38 (1987).
 
 II
 
 6
 Kuball claims the Board should have awarded him full back pay once it concluded TWA failed to prove he was guilty of child sexual abuse. This argument fails because the Board determined TWA was justified in terminating Kuball while the criminal proceedings against him were pending and was only required to reinstate him after the state dropped the charges.
 
 
 7
 Kuball claims the Board effectively exonerated him when it found that TWA failed to prove the sexual abuse charges. However, the Board specifically stated in its decision, "The grievant herein was not exonerated." ER 76 (emphasis added). The Board concluded Kuball's discharge was justified, not on the ground that he had committed sexual abuse, but on the alternative ground that "the grievant was guilty of being charged with a heinous offense which brought discredit on TWA." ER 75. Because the Board was at least "arguably construing or applying the contract," Misco, 484 U.S. at 38, the partial back pay award stands.
 
 III
 
 8
 Kuball next claims the Board violated the Railway Labor Act by failing to answer the question before it. The question the Board was required to answer was, "Did the company have just cause to discharge the grievant? If not, what is the proper remedy?" ER 8. After concluding Kuball had been charged with a heinous crime, the Board stated, "Such discharge was justified." ER 75. The Board added that TWA was obligated to reinstate him once the state abandoned the prosecution, and with this in mind, the Board fashioned a remedy. The Board did exactly what it was required to do--it determined his discharge was justified only as long as the charges were pending, and then it decided on the proper remedy.
 
 IV
 
 9
 Kuball claims the Board violated his due process rights by not giving him the benefit of the presumption of innocence. Kuball's argument fails, however, because the Board did, in fact, presume him innocent for the purpose of deciding whether TWA had just cause to terminate him.
 
 
 10
 The presumption of innocence "describes our assumption that, in the absence of contrary facts, it is to be assumed that any person's conduct upon a given occasion was lawful." McCormick on Evidence 967 (3rd ed. 1984). The Board applied this presumption when it found the evidence insufficient to prove Kuball committed sexual abuse. It also applied the presumption when it concluded Kuball's termination was justified because TWA provided clear and convincing evidence that "the grievant was guilty of being charged with a heinous offense which brought discredit on TWA." ER 75. All of the Board's determinations are completely consistent with the presumption of innocence.
 
 V
 
 11
 Kuball's claim that the Board violated Nevada public policy by using the "clear and convincing evidence" standard and by excluding polygraph results is completely unsupported and irrelevant to the outcome of his case. Even if the Board had applied the "beyond reasonable doubt" standard and had considered the polygraph evidence, it would have reached the same conclusion. It found TWA's decision justified because Kuball had been charged with a heinous crime. Neither the higher burden of proof nor the exculpatory polygraph results would have cast any doubt on the conclusion that Kuball was charged with sexual abuse.
 
 
 12
 The district court's decision is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3